David Krieger, Esq.  E-FILED: July 7, 2009
Nevada Bar No: 9086
George Haines, Esq.
Nevada Bar No: 9411
HAINES & KRIEGER, LLC
1020 Garces Ave.
Las Vegas, NV 89101
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: info@hainesandkrieger.com
Attorney for Edward P. Villalon

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| In Re: | ) Case No. BKS-09-11427-LBR |
| | ) Chapter 13 |
| | ) |
| | ) Hearing Date:   July 30, 2009 |
| **Edward P. Villalon**, | ) Hearing Time:   3:30 P.M. |
| | ) |
| | ) |
| Debtor(s). | ) |
| | ) |
| | ) |

### MOTION PERMITTING THE DEBTOR TO FINANCE AN AUTOMOBILE

**Edward P. Villalon** (hereinafter "Debtor"), by and through attorney, David Krieger, Esq., hereby stipulate as follows:

1. The Debtor filed for bankruptcy protection on or about February 03, 2009.

2. Debtor currently possesses a 2006 Pontiac G6. Debtor plans on surrendering that vehicle.

3. Debtor requires an automobile to travel to and from work and has an opportunity to purchase a 2005 Chevrolet Malibu for a total amount financed of $21,101.40 to be repaid in equal monthly installments of $351.69 per month for sixty (60) months.

- 1 -

4. 722 REDEMPTION (hereinafter referred to as "Creditor") has agreed to finance the above vehicle for Debtor.

5. If Creditor fails to receive two or more required monthly payments outside the plan as set forth in the security agreement in this case, or upon the cancellation or lapse of insurance on vehicle securing Creditor's interest, and if the default in planned payments is not cured within ten (10) days, the automatic stay shall terminate by consent without further motion or hearing, so as to permit the Creditor to recover its collateral and pursue its non-bankruptcy remedies on that collateral.

6. In this Chapter 13 case, it appearing to the Court that the above named Debtor may enter into a post bankruptcy security agreement for a motor vehicle necessary for reorganization and that the Debtor hereby agree that in the event Debtor breach the post bankruptcy security agreement (either economic or non-economic breaches), the automatic stay shall be lifted without any bankruptcy court action to allow Creditor to recover possession of the collateral.

7. Debtor finds that this vehicle is reasonable and necessary for the Debtor's effective Chapter 13 reorganization and that the above monthly vehicle expense will benefit the Chapter 13 estate.

8. Based on the foregoing, Debtor requests the Court allow Debtor to finance the above vehicle on the above terms.

DATED: July 7, 2009

By:  /s/David Krieger, Esq.
     David Krieger, Esq.
     Attorney for the Debtor